UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MELVIN SAUNDERS,

                Petitioner,

    -against-

UNITED STATES OF AMERICA, THE
FEDERAL BUREAU OF PRISONS, et al.,

                Respondents.
------------------------------------------------------------x

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

07-CV-3726 (ENV)

VITALIANO, United States District Judge:

On August 29, 2007, petitioner Melvin Saunders, a federal prisoner incarcerated at the Metropolitan Detention Center in Brooklyn ("MDC"), filed the instant *pro se* petition seeking writs of mandamus, pursuant to the All Writs Act, 28 U.S.C. § 1651, or, alternatively, habeas corpus, pursuant to 28 U.S.C. § 2241, all related to his demand for placement in a drug rehabilitation program. For the reasons set forth below, the application for relief is denied and the petition is dismissed.

## Background

Petitioner seeks an order to compel the Bureau of Prisons to place him in the Residential Drug Abuse Program ("RDAP") as "it would assist him in rehabilitating himself." (Petition at 4.) Saunders alleges that on June 27, 2007 the Board of Prisons denied him admittance to the RDAP, despite the fact that his history of drug abuse is documented. (Petition at 2.) He recognizes that he has not exhausted his administrative remedies but claims it would be a "futile effort," noting that "the individuals responsible for the selection pick the candidates more on personality than on NEED!" (Petition at 4 (emphasis in original).) Petitioner further alleges that the decision not to allow him to participate in the RDAP was made with "inimicable [sic]



prejudice" and that "Caucasian inmates have been approved," (Petition at 2, ¶ 8). Petitioner does not, however, allege that he was denied participation in the RDAP based on his race[1]; rather that prison officials failed to consider his history of drug abuse.

## Discussion

Section 1361 provides that, "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the petitioner." 28 U.S.C. § 1361. Mandamus is a drastic remedy to be used only in extraordinary circumstances. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980); Aref v. United States, 452 F.3d 202, 206 (2d Cir. 2006) (per curiam). The Second Circuit has established three prerequisites to the issuance of a writ of mandamus: "(1) a clear right in the [petitioner] to the relief sought; (2) a plainly defined and peremptory duty on the part of the [respondent] to do the act in question; and (3) lack of another available, adequate remedy." Billiteri v. U.S. Board of Parole, 541 F.2d 938, 946 (2d Cir. 1976) (citation omitted); Gissendanner v. Menifee, 975 F.Supp. 249, 250-51 (W.D.N.Y. 1997). Habeas corpus is available to challenge prison conditions that violate the Constitution or laws of the United States. Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (citation omitted).

The issue presented here is far from novel. It is well settled that there is no constitutional or statutory right to the relief Saunders requests, *i.e.*, participation in the prison drug rehabilitation program. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (there is no statutory or constitutional entitlement to rehabilitative programs in the federal system); see also Lee v.

---

[1] In any event, nothing in this Memorandum and Order would bar petitioner from filing any appropriate action against any specific employee of the Federal Bureau of Prisons he can establish violated his constitutional rights.

Governor of the State of New York, 87 F.3d 55, 59 (2d Cir. 1999) (no right to temporary release program); Klos v. Haskell, 48 F.3d 81, 86 (2d Cir. 1995) (no right to "shock program"); Gissendanner v. Menifee, 975 F.Supp. 249, 250-51 (W.D.N.Y. 1997) (admission into the ICC program is "within the [Bureau of Prisons'] sole discretion"). Accordingly, petitioner fails to meet the basic requirements for either mandamus or habeas corpus relief.

## Conclusion

The petition for mandamus relief, or in the alternative habeas corpus relief, is hereby denied. Viewed as a petition for a writ of habeas corpus, it presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall, therefore, not issue. 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The clerk is directed to enter Judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
November 28, 2007

ERIC N. VITALIANO
United States District Judge